JULIA E. WINFIELD, Appellant, v. EDNA MAE TOTTEN, Sued as EDNA TOTTEN, and MARY ELIZABETH TOTTEN, Sued as MAMIE TOTTEN, Respondents.— Appeal by plaintiff from a judgment and order dismissing her complaint in a partition action. A deed purporting to have been signed and acknowledged by her has been on record for more than forty years. During these years she has made no claim that she owned an interest in the land. Her conduct since the acknowledgment of the deed (1894) is compatible with an inference that she did sign and acknowledge it. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

LEON LYSECKI, Respondent, v. MARTHA LYSECKI, Appellant, and Others.— Appeal from judgment of the Supreme Court, Broome county, entered on the report of an official referee. The judgment directs the two defendant banks to pay to plaintiff one-half of each of two deposits standing in the respective banks in the name of the defendant Martha Lysecki. Plaintiff and defendant Martha are husband and wife. Plaintiff showed that the moneys in these two bank accounts were the savings from his own wages over a long period of years and that there was an agreement between them when these moneys were deposited that they should belong to both of them, each owning a one-half interest in them. Defendant served an amended answer containing a counterclaim which answer was returned. Judgment modified by striking therefrom the portion which dismisses the counterclaims, and as so modified affirmed, with costs. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

In the Matter of the Petition of CECELIA McKENZIE, Petitioner, Appellant, for an Order Directing WILLIAM GORHAM RICE and Others, Constituting the CIVIL SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents, to Classify the Petitioner, CECELIA McKENZIE, as a Court Attendant under the Provisions of the Civil Service Law Pursuant to Section 171 of the Judiciary Law.— Application for peremptory order of mandamus to compel the State Civil Service Commission to certify petitioner as eligible for appointment as a court attendant. She was the confidential clerk of a justice of the Supreme Court, and makes this application upon the theory that while section 172 of the Judiciary Law provides only for certifying " a confidential attendant " to a judge it also includes a confidential clerk, and that there is no distinction between the two positions. Section 160 of the Judiciary Law authorizes the appointment of a confidential clerk by each Supreme Court justice. Other and different sections provide for the appointment of " confidential court attendants " by certain of the justices within the State. Order denying application for peremptory mandamus unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.